IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00220-WYD-MJW

SAMI RAGAB, an individual,

Plaintiff,

v.

MUHAMMAD HOWARD, individually and in his capacity as owner, partner, and corporate officer,
ULTEGRA FINANCIAL PARTNERS, INC., a Colorado corporation,
CLIVE FUNDING, INC., a Utah corporation, and
SEED CONSULTING, LLC, d/b/a Seed Capital, a Nevada limited liability company,

Defendants.

---

**ORDER REGARDING DEFENDANTS MUHAMMAD HOWARD, ULTEGRA FINANCIAL PARTNERS, INC. AND CLIVE FUNDING, INC.'S REVISED MOTION TO STAY DISCOVERY DURING UNTIL [sic] THE MOTION TO DISMISS FOR LACK OF JURISDICTION IS RULED ON (DOCKET NO. 102)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This case is before the Court pursuant to an Order (Docket No. 103) referring the subject motion (Docket No. 102) entered by Judge Wiley Y. Daniel on February 17, 2017. Now before the Court is Defendants Muhammad Howard, Ultegra Financial Partners, Inc., and Clive Funding, Inc.'s Revised Motion to Stay Discovery During Until [sic] the Motion to Dismiss for Lack of Jurisdiction is Ruled on (Docket No. 102). The Court has carefully considered the motion. The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and order.

1

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.*

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue, and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see Vivid Techs., Inc. v. Am. Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999)

("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, this Court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Here, Defendants seek to stay all discovery pending resolution of their motion to dismiss that alleges that the Court lacks jurisdiction (Docket No. 94). In short, Defendant argue that "[p]articipating in discovery is a burden on the defendants in terms of business interruption, particularly where the pending motion could resolve the entire federal case without requiring discovery." (Docket No. 102 at 3).

In contrast, Plaintiff argues that the procedural history of this case indicates that Defendants have delayed this case. (Docket No. 119 at 5). Plaintiff further maintains that he would be prejudiced by any further delay. Specifically, he argues that any further delay could result in the degradation of evidence, including witness recollections. (*Id.* at 7). Notably, this case was filed on February 2, 2015, more than two years ago.

The Court finds that the *String Cheese* factors do not support entry of a stay in this case. Most significantly, the Court finds that the interest of Plaintiff to proceed expeditiously outweighs any burden on Defendants of having to participate in discovery while their motion to dismiss is pending. As Judge Boland noted, "Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our

judicial system and the rules of civil procedure. There is no special burden on the defendant in this case." *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (denying *unopposed* motion to stay). As to the third *String Cheese* factor, the Court has an interest in managing its docket by seeing the case proceed expeditiously. Finally, the Court finds that the interests of non-parties and the public interest do not greatly favor one side.

WHEREFORE, for the foregoing reasons, it is hereby

ORDERED that Defendants Muhammad Howard, Ultegra Financial Partners, Inc., and Clive Funding, Inc.'s Revised Motion to Stay Discovery During Until [sic] the Motion to Dismiss for Lack of Jurisdiction is Ruled on (Docket No. 102) is DENIED.

Date: May 4, 2017
      Denver, Colorado

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge